23 F.3d 404
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 4NITED STATES of America, Plaintiff-Appellee,
v.
Wayne Douglas OGDEN, Defendant-Appellant.
 No. 92-5599.
 United States Court of Appeals, Fourth Circuit.
 Submitted: June 17, 1993.
Decided: May 23, 1994.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, District Judge. (CR-92-51-R).
 Irving Ray Byrd, Jr., Salem, VA, for appellant.
 E.Montgomery Tucker, U.A.Atty., Ruth E. Plagenhoef, Asst. U.S. Atty., Roanoke, VA, for appellee.
 W.D.Va.
 AFFIRMED.
 Before WIDENER, HALL, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Wayne Ogden appeals from a district court judgment finding him guilty of possessing a firearm and being a convicted felon in violation of 18 U.S.C. Secs. 922(g)(1) (1979 & Supp.1992). Specifically, Ogden challenges the district court's decision to enhance his sentence pursuant to 18 U.S.C.A. Sec. 924(e) (West Supp.1992), which mandates the imposition of a minimum fifteen-year sentence for violators of Sec. 922(g) with three prior convictions for violent felonies. The district court found Ogden subject to the enhancement based on his prior convictions for eighteen counts of breaking and entering. We affirm.
 
 
 2
 Ogden contends that the imposition of a fifteen-year sentence for his crimes constitutes cruel and unusual punishment because the length of his sentence is disproportionate to his crimes. He points out that his most recent breaking and entering conviction occurred over thirteen years prior to his Sec. 922(g) offense, and argues that these offenses were not really violent inasmuch as the overwhelming majority of them involved commercial structures rather than dwellings. We, however, rejected precisely these same arguments in United States v. Crittendon, 883 F.2d 326 (4th Cir.1989).
 
 
 3
 In Crittendon, we rejected the contention that prior felony convictions over fifteen years old were stale for purposes of invoking the enhancement provision of Sec. 924(e), and found that appellant's Eighth Amendment claim was "clearly without merit and does not warrant extended discussion." Id. at 330-31. Moreover, we note that the Supreme Court has determined that convictions for burglaries of commercial structures should be treated the same as burglaries of dwellings for purposes of determining whether such offenses constitute violent felonies under Sec. 924(e)(2)(B). See Taylor v. United States, 495 U.S. 575 (1990). The judgment of the district court is therefore affirmed. We dispense with oral argument since the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 4
 AFFIRMED.